## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID RUFFING
on behalf of himself and those
similarly situated,
30 Nutt Road, Apt. L5,
Phoenixville, PA 19460,

                Plaintiff,

        vs.

WIPRO LIMITED
2 Tower Center, BL 2200
East Brunswick, NJ 08816
        and
WIPRO TECHNOLOGIES
2 Tower Center, BL 2200
East Brunswick, NJ 08816
        and
WIPRO LLC
2 Tower Center, BL 2200
East Brunswick, NJ 08816
        and
WIPRO USA, LLC
2 Tower Center, BL 2200
East Brunswick, NJ 08816

            Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION - LAW

NO.

*Electronically Filed*

JURY TRIAL OF 12 DEMANDED

COLLECTIVE ACTION UNDER
FLSA FOR UNPAID WAGES

CLASS ACTION UNDER PA
WAGE PAYMENT AND
COLLECTION LAW

## CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter under 28 U.S.C. §1331 because it arises under the laws of the United States, specifically the Fair Labor Standards Act, the Age Discrimination in Employment Act and the Civil Rights Act of 1866. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2.     Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTUAL BACKGROUND**

3.     Plaintiff brings this action on behalf of himself and similarly-situated individuals who have been denied timely payment of overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Plaintiff also brings this action for unlawful termination based on his race, White, and age, sixty-one, and in retaliation for complaining of FLSA violations.

4.     Plaintiff David Ruffing is a sixty-one-year-old White man who resides at 30 Nutt Road, Apartment L5, Phoenixville, PA 19460.

5.     Defendant Wipro Limited ("Wipro") is a multinational corporation which is located at 2 Tower Center, BL 2200, East Brunswick, NJ, 08816, and which provides information systems outsourcing, among other services.  Wipro is a leading global information technology, consulting and business process services company, with over 180,000 employees.

6.     Defendant Wipro Technologies is a corporation which is located at 2 Tower Center, BL 2200, East Brunswick, NJ, 08816, and which provides information systems outsourcing, among other services.

7.     Defendant Wipro LLC is a company which is located at 2 Tower Center, BL 2200, East Brunswick, NJ, 08816 which provides information systems outsourcing, among other services.

8.     Defendant Wipro USA, LLC is a company which is located at 2 Tower Center, BL 2200, East Brunswick, NJ, 08816 which provides information systems outsourcing, among other services.

2

9.     Defendants are employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), enterprises within the meaning of 29 U.S.C. §203(r), and engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

10.    Plaintiff's consent to participate in this action is attached as Exhibit A.

11.    Defendants do business in West Norriton, Pennsylvania.

12.    Plaintiff brings this action on behalf of himself and other similarly-situated employees pursuant to 29 U.S.C. §216(b) and pursuant to Federal Rule of Civil Procedure 23(b)(3).  Plaintiff and other similarly-situated employees are individuals who are, or were, employed by Defendants as non-exempt data center employees during the time period of three years prior to the filing of this action (the "Collective Members").  The putative class of Collective Members has been engaged in commerce as required by the FLSA.

13.    Named Plaintiff and the Collective Members are similarly situated, have substantially similar pay provisions, and were all subject to Defendants' unlawful policies and practices as described herein.

14.    There are numerous similarly-situated current and former employees of Defendants who would benefit from the issuance of a Court-supervised Notice of this action and the opportunity to join it.

15.    Similarly-situated employees are known to Defendants, are readily identifiable to Defendants, and can be located through Defendants' records.

16.    Questions of law and fact that are common to the Collective Members predominate over questions that affect only individual Collective Members.

17.    This action meets the requirements of Rule 23 of the Federal Rules of Civil Procedure in that:

a. Plaintiff brings this action on behalf of the class of individuals who are, or were, employed by Defendants, in the Commonwealth of Pennsylvania, as non-exempt data center employees during the time period of three years prior to the filing of this action (the "Class Members");

b. The class is so numerous that joinder of the Class Members is impracticable;

c. Plaintiff's claims are typical of the other Class Members and Plaintiff has no interests that are antagonistic to or in conflict with the other Class Members;

d. Plaintiff and his lawyers will fairly and adequately represent the interests of the Class Members;

e. Questions of law and fact are common to all Class Members, because, among other things, this action concerns Defendants' common timekeeping and payroll policies and practices, as described herein. The legality of these policies and practices will be determined by the application of generally applicable legal principles to common facts; and

f. Certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

18.   Plaintiff filed a timely Charge of Discrimination with the EEOC, which was cross-filed with the Pennsylvania Human Relations Commission, and received a Right to Sue Letter fewer than ninety days before filing this action. The Right to Sue Letter is attached as Exhibit B.

19.     Plaintiff was employed by Quest Diagnostics and its predecessor companies in its Data Center in West Norriton for approximately thirty years.  His last job title was Senior Operations Analyst.  His work performance was always rated highly.

20.     In October 2013, Quest Diagnostics outsourced the running of its West Norriton Data Center to Defendants, and Defendants became Plaintiff's employer.  Plaintiff earned an hourly rate of $37.57 plus overtime and shift differential, totaling approximately $100,000 per year, at Defendants.

21.     Plaintiff's duties as Defendants' employee were the same as his duties as a Quest Diagnostics employee and his title remained Senior Operations Analyst.  Plaintiff's performance of his duties was always excellent.  Plaintiff never received a negative performance review.

22.     Defendants are originally organized in the nation of India.  All of Defendants' upper management are Indian nationals.  Since the 2013 outsourcing, Defendants have continuously discriminated against White employees and applicants.  Virtually no White individuals have been hired at the West Norriton Data Center since 2013.

23.     In 2018, Plaintiff learned that Defendants believed that their profits were not adequate and they needed to lay off one of the employees at the West Norriton Data Center.  The employee identified for layoff was a sixty-six-year-old White man.  That layoff never occurred, upon information and belief because Quest Diagnostics intervened and insisted that Defendants maintain a certain level of staffing under the terms of their outsourcing contract.

24.     Plaintiff was a non-exempt employee under the Fair Labor Standards Act.

25.     Plaintiff was entitled under the FLSA to compensation for hours worked in excess of forty hours in a workweek at a rate of one-and-a-half times the rate at which he was regularly employed.

26.    It was routine both under Quest Diagnostics and under Defendants for employees including Plaintiff and other similarly-situated individuals to work in excess of forty hours in a workweek. Such overtime work was necessary for the operation of the Data Center.

27.    Defendants were reluctant to pay Plaintiff and similarly-situated employees overtime wages for time they actually worked in excess of forty hours in a workweek and for which they were entitled to be paid overtime wages.

28.    When Quest Diagnostics ran the Data Center, it used a Kronos automated timekeeping system to ensure that it paid overtime to employees who worked overtime, as required by law. Under Kronos, the system kept track of when each employee entered and left the building and used that hard data to pay overtime.

29.    When Defendants took over the operation of the Data Center, they did not use the Kronos automated timekeeping system, but rather used a different, manual system. As a result, employees were required to take cumbersome bureaucratic steps to keep track of their overtime. Not only were employees required to log into a different system than the timekeeping system where they entered their normal work hours, but employees were required to pre-request permission to take overtime before working the hours, and obtain management approval, and then employees were required to again log into the second computer system to re-enter their hours after working them and get management approval again. Management knew that when employees unexpectedly needed to stay on after the regular end of a shift to deal with problems, as was common, it was unlikely that their actual working hours would be recorded or paid. As a result, Defendants succeeded in unlawfully reducing the amount of overtime wages they paid to their employees, even though the employees continued to work the same or more amounts of overtime.

6

30.     The electronic overtime system Defendants used did not permit employees to enter overtime in increments of less than one hour.  It was commonplace for Plaintiff and other similarly-situated employees to work overtime of less than one hour after a shift, e.g., forty-five minutes.  Defendants' system ensured that Plaintiff and similarly-situated workers did not receive their legally required overtime pay for this time spent working in excess of forty hours in a workweek.

31.     From October 2013 through at least August 2019, Defendants routinely failed to keep track of or pay overtime wages to employees who were entitled to such wages under the FLSA and the WPCL.

32.     Defendants routinely failed to timely pay overtime wages to employees including Plaintiff and similarly-situated employees as required by the FLSA and WPCL.  It was common for Defendants to pay overtime wages one, two or even three cycles late.  In 2019, Plaintiff complained in writing about the company's failure to pay overtime to him and the other Data Center workers in a timely manner.  Plaintiff complained to management and the payroll department and human resources.  Plaintiff specifically stated that "this is illegal."

33.     Plaintiff and other similarly-situated employees received a one hour meal break per shift and were not compensated for this meal break.  Defendants required that Plaintiff and similarly-situated employees remain close to the workplace and "on call" to return immediately if needed during this meal break, in particular if the employee was working alone on that shift, which happened approximately once per week.  During this meal break, employees were not completely relieved from duty.  During meal breaks, employees had to remain close to the workplace, had to take phone calls regarding work matters and had to return to the workplace

7

immediately if called. The meal break should have been treated as compensable time under the FLSA and the WPCL.

34.     In 2019, Defendants further changed the method Plaintiff had been using for over five years to put in for the overtime he worked to make it even more burdensome to be paid for the overtime work he performed. Defendants falsely accused Plaintiff of not working the hours for which he had claimed overtime. An investigation showed that there was no evidence to support this false accusation.

35.     The purpose of the false accusation was to (1) retaliate against Plaintiff for his complaints of illegal late payment of overtime; (2) attempt to create a pretext for firing Plaintiff, which Defendants wanted to do because of his age, race and complaints of untimely payment of overtime; and (3) further deter him from seeking payment for overtime wages to which he was entitled.

36.     As a result, Plaintiff continued to work overtime, but he was not paid for those hours.

37.     Shortly after Plaintiff's last complaint about failure to timely pay overtime wages, Defendants hired a young, non-White employee in his twenties to replace Plaintiff. This employee, Avery, was assigned to Plaintiff's shift (second shift) and Plaintiff was required to assist in training him in the specific duties of Plaintiff's shift. As soon as Avery was trained, Defendants terminated Plaintiff's employment and made Avery Plaintiff's replacement on second shift.

38.     Plaintiff was terminated in August 2019, although he worked for three additional weeks after his notice of termination, to accommodate Defendants' needs. Defendants refused to give any explanation for Plaintiff's termination.

39.     Defendants terminated Plaintiff's employment because of his age, sixty-one, because of his race, White, and in retaliation because he complained about its failure to timely pay overtime wages.

40.     Several weeks after Plaintiff was terminated, he asked his former manager, Tom Markham, about the reason he was terminated, and Markham stated that Defendants only wanted to hire young people from here on out.

41.     Defendants have failed to record, report, credit and/or compensate Plaintiff and the Class Members, and Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA and the WPCL.

**COUNT ONE**

**PLAINTIFF DAVID RUFFING, on behalf of himself and those similarly situated, v. DEFENDANTS WIPRO LIMITED, WIPRO TECHNOLOGIES, WIPRO LLC and WIPRO USA, LLC**

**Collective Action -- Violation of Fair Labor Standards Act Timely Payment of Overtime Requirements**

42.     Plaintiff, on behalf of himself and all similarly-situated employees of Defendants, realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

43.     Defendants' failure to pay in a timely manner for all hours worked results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

44.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

45.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

46. All of the FLSA Collective Members — regardless of their specific job titles, precise job requirements, rates of pay, or job locations — are entitled to be properly compensated on a timely basis for all hours worked.

47. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt hourly workers entitled to pay for all hours worked in a week.

48. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

49. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

50. Accordingly, the FLSA collective of similarly-situated plaintiffs should be certified as defined in Paragraph 12 and notice should be promptly sent.

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

52. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective Members, is entitled to recover from Defendants his unpaid wages as well as overtime compensation, an additional amount as liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff and the FLSA Collective Members respectfully pray for judgment against Defendants as follows:

a.   for an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective Members as defined above and requiring Defendants to provide the names, addresses, email addresses, telephone numbers and social security numbers of all potential Collective Members;

b.   for an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.   for an Order awarding Plaintiff and FLSA Collective Members back wages that have been improperly withheld;

d.   for an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who join in the suit), for liquidated damages and for attorneys' fees and costs; and

e.   for an Order awarding attorneys' fees and costs.

## COUNT TWO

**PLAINTIFF DAVID RUFFING, on behalf of himself and those similarly situated, v. DEFENDANTS WIPRO LIMITED, WIPRO TECHNOLOGIES, WIPRO LLC and WIPRO USA, LLC**

### Collective Action -- Violation of Fair Labor Standards Act by Failure to Pay Wages

53.   Plaintiff, on behalf of himself and all similarly-situated employees of Defendants, realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

54.   At all times relevant, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

55.   At all times relevant to this Complaint, Plaintiff and the FLSA Collective Members were Defendants' "employee" as defined by the FLSA, §203(e)(1).

56.     At all times relevant, Defendants were enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

57.     The FLSA requires that employers compensate all non-exempt employees for every hour worked in a workweek.  See 29 U.S.C. §206(a)-(b).

58.     At all times relevant to this Complaint, Plaintiff and the FLSA Collective Members were not exempt from the minimum wage provisions of the FLSA.

59.     At all times relevant to this Complaint, Defendants had a policy and practice of knowingly permitting Plaintiff and the FLSA Collective Members to work off the clock without compensation.

60.     Defendants failed to pay Plaintiff and the FLSA Collective Members wages for off-the-clock work.

61.     In violating the FLSA, Defendants acted willfully, without a good-faith basis and with reckless disregard of applicable federal law.

62.     Accordingly, FLSA Collective Members are entitled to wages for all hours worked pursuant to the FLSA in an amount equal to their regular pay, plus time-and-a-half for hours worked over forty in a week, plus liquidated damages, attorneys' fees and costs.

WHEREFORE, Plaintiff and the FLSA Collective Members respectfully pray for judgment against Defendants as follows:

a.   for an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective Members as defined above and requiring Defendants to provide the names, addresses, email addresses, telephone numbers and social security numbers of all potential Collective Members;

b.   for an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.   for an Order awarding Plaintiff and FLSA Collective Members back wages that have been improperly withheld;

d.   for an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who join in the suit), for liquidated damages and for attorneys' fees and costs; and

e.   for an Order awarding attorneys' fees and costs.

## COUNT THREE

### PLAINTIFF DAVID RUFFING, on behalf of himself and those similarly situated, v. DEFENDANTS WIPRO LIMITED, WIPRO TECHNOLOGIES, WIPRO LLC and WIPRO USA, LLC

### Violation of Pennsylvania Wage Payment and Collection Law

63.   Plaintiff, on behalf of himself and all similarly-situated employees of Defendants, realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

64.   Plaintiff and the Class Members were entitled under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con. Stat. Ann. §260.1 *et seq.*, to be paid for all of the hours they worked, in a timely manner.  The Law requires payment of overtime wages in the next succeeding pay period.

65.   Defendants did not pay Plaintiff or the Class Members in a timely manner for all of the hours they worked.

WHEREFORE, Plaintiff demands the following relief on his own behalf and on behalf of the Class Members:  (1) wages, employment benefits or other compensation denied or lost by

such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiff's expert

witness fee, if any; (4) other costs of the action; (5) interest; and (6) an additional amount for the

tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT FOUR**

**PLAINTIFF DAVID RUFFING**
**v. DEFENDANTS WIPRO LIMITED, WIPRO**
**TECHNOLOGIES, WIPRO LLC and WIPRO USA, LLC**

**Violation of Fair Labor Standards Act – Retaliation**

66.     Plaintiff realleges and incorporates the foregoing paragraphs as if they were set

forth fully herein.

67.     Section 215(a)(3) of the FLSA makes it unlawful for any employer to "discharge

or in any other manner discriminate against any employee because such employee has filed any

complaint or instituted or caused to be instituted any proceeding under or related to this chapter,

or has testified or is about to testify in any such proceeding, or has served or is about to serve on

an industry committee." 29 U.S.C. §215(a)(3).

68.     Plaintiff complained to Defendants about their failure to pay him and other

employees their overtime wages on a timely basis.

69.     Defendants terminated Plaintiff's employment as retaliation for his complaint

about late payment of overtime wages, in violation of the FLSA.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or

other compensation denied or lost by such violation, including but not limited to back and front

pay; (2) compensatory damages, including pain, suffering and humiliation; (3) punitive

damages; (4) equitable relief such as employment, reinstatement or promotion or payment of

health care expenses; (5) a reasonable attorneys' fee; (6) Plaintiff's expert witness fee, if any; (7)

14

reinstatement to his former position (with all back benefits he would have been entitled to); (8)

other costs of the action; (9) interest; and (10) an additional amount for the tax consequences for

an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT FIVE

### PLAINTIFF DAVID RUFFING
### v. DEFENDANTS WIPRO LIMITED, WIPRO
### TECHNOLOGIES, WIPRO LLC and WIPRO USA, LLC

#### Violation of the Pennsylvania Human Relations Act

70.     Plaintiff realleges and incorporates the foregoing paragraphs as if they were set

forth fully herein.

71.     Defendants terminated Plaintiff because of his age in violation of the

Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment

benefits or other compensation denied or lost by such violation, including but not limited to back

and front pay; (2) compensatory damages, including pain, suffering and humiliation; (3)

punitive damages; (4) equitable relief such as employment, reinstatement or promotion or

payment of health care expenses; (5) a reasonable attorneys' fee; (6) Plaintiff's expert witness

fee, if any; (7) reinstatement to his former position (with all back benefits he would have been

entitled to); (8) other costs of the action; (9) interest; and (10) an additional amount for the tax

consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT SIX

### PLAINTIFF DAVID RUFFING
### v. DEFENDANTS WIPRO LIMITED, WIPRO
### TECHNOLOGIES, WIPRO LLC and WIPRO USA, LLC

#### Violation of the Age Discrimination in Employment Act

72.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set

forth fully herein.

73.    Defendants terminated Plaintiff's employment because of his age in violation of

the Age Discrimination in Employment Act.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or

other compensation denied or lost by such violation, including but not limited to back and front

pay; (2) compensatory damages, including pain, suffering and humiliation; (3)  punitive

damages; (4) equitable relief such as employment, reinstatement or promotion or payment of

health care expenses; (5) a reasonable attorneys' fee; (6) Plaintiff's expert witness fee, if any; (7)

reinstatement to his former position (with all back benefits he would have been entitled to); (8)

other costs of the action; (9) interest; and (10) an additional amount for the tax consequences for

an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT SEVEN

### PLAINTIFF DAVID RUFFING
### v. DEFENDANTS WIPRO LIMITED, WIPRO
### TECHNOLOGIES, WIPRO LLC and WIPRO USA, LLC

#### Violation of the Civil Rights Act of 1866
#### Race Discrimination

74.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set

forth fully herein.

16

75.    Defendants have discriminated against Plaintiff because of his race, depriving him of the enjoyment of all of the benefits, privileges, terms and conditions of his contractual relationship with Defendants, and causing the termination of that contractual relationship.

76.    Plaintiff is entitled to compensatory and punitive damages, as well as back pay, front pay, attorney's fees, costs and interest.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) compensatory damages, including pain, suffering and humiliation; (3)  punitive damages; (4) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (5) a reasonable attorneys' fee; (6) Plaintiff's expert witness fee, if any; (7) reinstatement to his former position (with all back benefits he would have been entitled to); (8) other costs of the action; (9) interest; and (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

Respectfully submitted,

Date:   11/6/2020                              By: s/M. Frances Ryan
                                                   M. Frances Ryan
                                                   Attorney for Plaintiff
                                                   I.D. No. 62060
                                                   Wusinich & Sweeney, LLC
                                                   211 Welsh Pool Road, Suite 236
                                                   Exton, PA  19341
                                                   (610) 594-1600
                                                   Validation of signature code: MFR1130

# EXHIBIT A

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), to become a party plaintiff in the accompanying FLSA action.  I understand that I will be bound by the judgment of the Court on all issues in this case.

_David Ruffing_

David Ruffing

_DAVID RUFFING_

(Printed name)

# EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: **David Ruffing**<br>**30 Nutt Road, Apt L5**<br>**Phoenixville, PA 19460** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |
|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-04303** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*Jamie R. Williamson,*
**District Director**

August 7, 2020
*(Date Mailed)*

cc:
| **Andrew Karabetsos, Esq.**<br>**Senior Corporate Counsel**<br>**WIPRO LIMITED**<br>**18 West Butterfield Road**<br>**Oakbrook Terrace, IL 60181** | **Samuel C. Wilson, Esq.**<br>**DEREK SMITH LAW GROUP, PLLC**<br>**1835 Market Street, Suite 2950**<br>**Philadelphia, PA 19103** |
|---|---|

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID RUFFING
30 Nutt Road, Apt. L5, Phoenixville, PA
19460

**(b)** County of Residence of First Listed Plaintiff  Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
M. Frances Ryan, Esquire – Wusinich & Sweeney,
211 Welsh Pool Rd., Suite 236               LLC
Exton, PA  19341  610-594-1600

## DEFENDANTS
WIPRO LIMITED, et al.
2 Tower Center, BL 2200, East Brunswick, NJ
08816

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane **PERSONAL INJURY** | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product ☐ 365 Personal Injury - | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander    Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability    Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product    Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability    Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury    Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice    Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §201, et seq.
Brief description of cause:
Failure to pay overtime wages

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/6/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___30 Nutt Road, Apt. L5, Phoenixville, PA  19460___

Address of Defendant: ___2 Tower Center, BL 2200, East Brunswick, NJ  08816___

Place of Accident, Incident or Transaction: ___West Norriton, Pennsylvania___

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/6/2020__   _____   __62060__
                              *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☒ 11. All other Federal Question Cases
*(Please specify):* __Fair Labor Standards Act__

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __M. Frances Ryan__, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: __11/6/2020__   _____   __62060__
                              *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.