```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DAVID RUFFING | : | CIVIL ACTION |
| v. | : | |
| WIPRO LIMITED | : | NO. 20-5545 |

MEMORANDUM

Bartle, J.                                                May 26, 2021

This is a putative collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., and a putative class action under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Cons. Stat. §§ 260.1 et seq. Plaintiff seeks to file a second amended complaint to broaden the definition of the putative collective action members and the putative class to include plaintiff and other similarly-situated employees who are or were employed by defendant WIPRO, Ltd. as "non-exempt information technology employees" during the time period of three years prior to the filing of the action. The amended complaint more narrowly limited the putative class and putative collective members to "non-exempt data center employees." Like the amended complaint, the proposed second amended complaint encompasses not only employees who live or work in Pennsylvania but also those who are outside of the Commonwealth.

This action is in its early stage. Leave to amend "shall be freely given when justice so requires," particularly when as here there has been no undue delay. See Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). Nonetheless, the court need not allow an amendment when it would be futile to do so. Foman, 371 U.S. at 182; Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

This court has already dismissed in part the amended complaint on the ground that it does not have personal jurisdiction over defendant for claims by employees outside of Pennsylvania. See Doc. #13. Thus any effort by plaintiff to include this latter group of employees in his second amended complaint would be contrary to this court's ruling and would be futile. Accordingly, the court is allowing plaintiff to file a second amended complaint covering "non-exempt information technology employees" but limited to those who work or worked in Pennsylvania.

This court has certified to the Court of Appeals, for immediate appeal under 28 U.S.C. § 1292(b), its order limiting the putative collective action under the FLSA to those who are or were employed in Pennsylvania. The plaintiff has timely applied to the Court of Appeals for an immediate appeal, but that Court has not yet decided whether to permit the appeal. Should the Court of Appeals decide to do so and hold that this

court has personal jurisdiction over defendant for claims by those employees of defendant who worked or work outside of Pennsylvania, plaintiff, of course, may again file a motion to amend his pleading.